**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date: July 24, 2009

Courtroom Deputy: Nel Steffens
Court Reporter: Suzanne Claar
Probation Officer: Jan Woll

---

**Criminal Action No. 08–cr–00307–REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Michele Korver |
|     Plaintiff, | |
| v. | |
| 7. DEBRA TUCKER, | Lisa Polansky |
|     Defendant. | |

---

### SENTENCING MINUTES

---

**1:31 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - That **Defendant Debra Tucker's Motion for Downward Departure and/or Variance and Sentencing Statement** [#352], filed July 13, 2009, is **GRANTED in part** and **DENIED in part,** that insofar as the defendant's motion seeks a downward departure under Chapter 5 of the sentencing guidelines, it is respectfully denied, and that to the extent the defendant's motion seeks a sentence variance to a sentence of time served plus supervised release, it is granted, consistent with the foregoing findings and conclusions of the court and the following orders;

    - That the **Government's §5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#357], filed July 15, 2009, is **GRANTED;**

    - That the government's **Motion to Dismiss Count 1 of the Superseding Indictment as to Defendant Debra Tucker** [#363], filed July 24, 2009, is **GRANTED**; that accordingly, the original Indictment and Count 1 of the Superseding Indictment are dismissed with prejudice, but as to defendant Debra Tucker only;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count16 of the Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **time served**;

5. That effective immediately, the defendant shall be placed on supervised release for a term of **one year**;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from the entry of judgment in this case, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

        - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health/alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive

      any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;

- that the defendant shall remain medication compliant, taking all medications that are prescribed for her by any treating mental health professional, including any medical doctor or medical doctor specializing in the field of psychiatry; she shall cooperate by submitting to random blood tests as may be requested by treating physicians, including treating psychiatrists or her supervising probation officer to ensure that a proper therapeutic level of any prescribed medication is properly maintained;

- that at defendant's expense, the defendant shall be placed on home detention for a period of **nine months**, to commence within twenty-one days of **sentencing**; provided, furthermore, that during this time, (1) the defendant shall remain at defendant's place of residence except for employment and other activities approved in advance by the probation department; (2) the defendant shall maintain a telephone at defendant's place of residence without any special services, modems, answering machines, or cordless telephone for the above period; and (3) the defendant shall wear an electronic device and shall observe the rules specified by the probation department;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That an order and judgment of forfeiture shall now enter under Fed. R. Crim. P. § 32.2(b)(3) and 18 U.S.C. § 924(D) as incorporated by 28 U.S.C. § 2461 and 21 U.S.C. § 853(f) as to Count 26 of the Superseding Indictment in paragraph 2, subparagraphs (a)-(v).

The Defendant waives formal advisement of appeal.

**2:20 p.m.      Court in recess.**

Total time in court:   00:49

Hearing concluded.